IN RE DAVIS' ESTATE—ROOT'S APPEAL.

[Argued July 9, 1891. Decided December 28, 1891.]

See *Cummings' Appeal, ante,* page 196.

*Appeal from Second Judicial District, Silver Bow County.*

Appeal from an order by McHATTON, J., refusing to hear a motion.

*Toole & Wallace*, and *McConnell & Clayberg*, for Appellant.

*W. W. Dixon, J. F. Forbis*, and *M. Kirkpatrick*, for Respondent.

De WITT, J.— The relation and description of the parties in this appeal appear fully in the opinion just rendered in *Appeal of Cummings, ante*, page 196. The same result was sought to be attained in this case as in the one just referred to; that is to say, the appointment of Henry A. Root as general administrator of the estate of Andrew J. Davis, deceased.

This matter was commenced by the filing of an affidavit by Henry A. Root, which affidavit, by reference, incorporated into itself a large amount of matter, which was also brought into the petition in the *Cummings' Appeal*. Upon this affidavit, with its incorporated matter, Henry A. Root made an application to the District Court that he be appointed administrator, and, as necessary to such requested action by the court, that the former orders be set aside appointing John A. Davis general administrator and James A. Talbott special administrator. As observed by reference to the facts as stated in the opinion in the *Cummings' Appeal*, Davis had not qualified as general administrator, and Talbott was acting as special administrator.

Upon this application by Root, Davis and Talbott appeared specially, and moved to dismiss the application, on the ground that such application could be heard only upon petition duly filed, and after citation duly issued and served, which had not been done. Upon this question of practice the District Court dismissed the Root application, and refused to hear it. This was on the twenty-sixth day of February, 1891. On March 19, 1891, Maria A. Cummings filed her petition, which was passed upon by the District Court, an appeal taken, and that appeal has been decided to-day.

The application of Henry A. Root, now at bar, and the proceeding of Maria A. Cummings by petition, were based practically upon the same facts, and sought to attain precisely the same result, viz., the appointment of Henry A. Root as general administrator. It is apparent that if that result cannot be attained by the proceedings upon the Cummings' petition, it cannot be reached by the Root application.

If this court were to go into this appeal, and even if it were concluded that the District Court erred in not entertaining the Root application, what result would there be that would be of any value? All that could be done would be to send the case back with instructions to the District Court to hear the application. Upon such hearing the District Court would be controlled by the law as announced in the *Cummings' Appeal,* and would deny the Root application, and thus declare that Mr. Root would not be appointed administrator upon the showing. But that is already accomplished in the *Cummings' Case.*

In our view, nothing whatever can be accomplished by our entertaining this appeal. The inquiry would be wholly fruitless for the court and the parties. It is rendered so by the decision in the *Cummings' Case.* That decision disposes of all the merits in this appeal.

Let the appeal be dismissed, but without costs.

BLAKE, C. J., and HARWOOD, J., concur.