DAVIS v. DAVIS et al.

(Circuit Court, D. Montana. July 22, 1898.)

1. SPECIFIC PERFORMANCE—GROUNDS—VALIDITY OF CONTRACT.

An agreement by which a legatee under a will authorized complainant to prosecute and defend all suits necessary to establish the will and the legatee's rights thereunder, complainant to bear all costs incident to such litigation in consideration of one-half of whatever property the legatee should become entitled to receive, either by a judgment or a compromise of his claims, complainant's share to be received directly from the estate, will support a bill for specific performance against the legatee's heirs and administrator after the contract has been performed by complainant and

the legatee's rights have been established, and to enjoin the receipt of the entire legacy by defendants as distributees.

2. FEDERAL COURTS—JURISDICTION IN EQUITY—SUIT INVOLVING PROPERTY OF ESTATE.

A circuit court of the United States has jurisdiction of a suit in equity for the specific enforcement of a contract, brought by one party against the heirs and administrator of the other, the parties being citizens of different states, though the contract relates to property of an estate in process of administration in the courts of the state.

3. PARTIES—NECESSARY TO EQUITABLE RELIEF.

Where, by the terms of a compromise agreement between claimants of an estate, the estate is to be divided, and separate shares allotted to each, one claiming an interest in the portion of the estate to which certain of the claimants are entitled may maintain a suit in equity against such claimants, or any one or more of them, to determine his rights in the share coming to such claimant or claimants under the compromise agreement, without joining other parties to such agreement, though he cannot in such suit have such agreement set aside and declared void as against such of the parties to it as are not before the court.

4. FEDERAL COURTS—JURISDICTION—ADMINISTRATION OF ESTATE.

A federal court may, in a proper case, enjoin an administrator from paying over the money or distributing the property of the estate to others joined with him as parties, but it has no jurisdiction to ascertain the amount of unpaid claims against such estate, or whether it is in condition for final distribution to the parties entitled thereto.

This is a suit in equity to enforce a contract and for an injunction. Heard on demurrers to the bill.

Walter S. Logan, C. P. Drennan, and O. M. Hall, for complainant. J. B. Clayberg, J. F. Forbis, and W. W. Dixon, for defendants.

DE HAVEN, District Judge. This is an action brought by the complainant, a citizen of the state of New York, against the defendants, who are citizens of the state of Montana, and the questions to be decided at this time arise upon demurrers to the bill of complaint. The bill alleges, in substance, that one Andrew J. Davis died on March 11, 1890, in the state of Montana, leaving a large estate, both real and personal, situated in Montana and elsewhere. He was unmarried, left no child, and it was supposed for some time after his death that he had died intestate. The complainant is his brother, and with other brothers and sisters, and descendants of deceased brothers and sisters, named in the bill, would have been entitled to the estate left by Andrew J. Davis, as his heirs at law, in the event of his having died intestate. Soon after his death, however, one Thomas J. Davis appeared, and claimed to be the son of the deceased, and it is further alleged that "there were various persons either claiming to be widows of said Andrew J. Davis, deceased, or claiming to be children, either legitimate or illegitimate, and various suits and claims were being made and threatened against said estate by such persons or some of them." Under these circumstances, the complainant, Erwin Davis, and certain of his brothers and sisters, entered into a contract in the month of May, 1890, by which it was agreed that the complainant should institute and prosecute to final judgment all actions necessary to establish the rights of the parties to that agreement as against the claims of Thomas J. Davis, or of any other person pretend-

ing to be a child of Andrew J. Davis, and should also defend any action which might be brought by any such person involving the rights of the parties as heirs at law of Andrew J. Davis; the said Erwin Davis named in the agreement as party of the first part to bear all the expenses in any wise incident to said litigation, not exceeding the sum of $200,000. In consideration of this undertaking on the part of the complainant, the other parties appointed him as their agent to institute, prosecute, and defend the actions contemplated by the agreement, with authority to compromise any and all such controversies and actions; and the agreement contained the following additional covenant:

"That when, by final judgment of the courts in said litigation, or any of them, or by compromise or settlement, the parties hereto have realized and become entitled to have the said estate and property, each of the said second parties shall and will pay, grant, and convey to the said Erwin Davis one half of what each said party shall receive or be entitled to receive from or on account of said estate or the proceeds thereof, the other half being and remaining the property of each such party, free and clear of all claims by said Erwin Davis by reason of his services and expenditures aforesaid. * * * And the stipulations of the second parties shall be considered and taken to be several, and not one for the other. When the assets of the estate or any part thereof shall be realized and in the hands of the administrator or other custodian of the same ready for distribution among the parties entitled thereto, each party, his heirs, executors, administrators, or assigns, shall receive his or her share thereof as above provided, and no more; that is to say, the original share of each of the second parties shall be divided into two parts, and one part shall be payable and received by the first party hereto, without further order in his favor, from the second parties, and the other half shall be payable to and received by each proper second party, without further order in his favor, from the first."

After the execution of this agreement, a paper purporting to be the will of Andrew J. Davis was discovered, and was propounded for probate in the proper court in the state of Montana by John A. Davis, one of the parties to the foregoing agreement. By the terms of this alleged will the entire estate of Andrew J. Davis, with the exception of three minor legacies, was given to said John A. Davis. After the commencement of the proceedings to prove this will, John A. Davis executed a power of attorney, authorizing the complainant to represent him in any proceeding in the courts of Massachusetts relating to the estate of Andrew J. Davis. This instrument contained the following recitals in relation to the former contract entered into between the complainant and the other heirs at law of Andrew J. Davis:

"Whereas, since the making of said agreement, an instrument purporting to be the will of said Andrew J. Davis has been found and has been presented by said John A. Davis for probate in the courts of Montana, and the proceedings therein are now pending; and whereas, it may be necessary to procure special administration of the estate of Andrew J. Davis in Massachusetts, and also, in the event of the probate of said will in Montana, to obtain ancillary letters of administration in Massachusetts on the estate of said Andrew J. Davis there situated, for the material benefit of said John A. Davis and Erwin Davis, as provided for by said agreement of May, 1890, which agreement, by the understanding of the parties hereto, is applicable to the estate coming to the said John A. Davis under said will, and the interests of Erwin Davis therein, and to the undertaking of said Erwin Davis to assist in the enforcement of the rights of said John A. Davis under said will, the same as if said will were specifically named in said agreement."

The bill alleges that the complainant has fully performed all the promises and stipulations on his part contained in each of the two agreements hereinbefore referred to. On January 24, 1893, John A. Davis died intestate, leaving him surviving as his only heirs at law the defendants Thea Jane Davis, Andrew J. Davis, Jr., John E. Davis, and Morris A. Davis, and three other sons, not citizens of the state of Montana, who are not made parties to this action. The defendant John E. Davis was on March 11, 1893, appointed administrator of the estate of John A. Davis, and as such administrator was thereafter substituted, in the place of his deceased father, as proponent of the alleged will of Andrew J. Davis. The probate of this will was contested by Sarah M. Cummings, a sister, and by Henry A. Root and Harriet Sheffield and Henry A. Davis, children of a deceased sister and brother of Andrew J. Davis. During the pendency of this contest the defendant Thea Jane Davis, widow of John A. Davis, deceased, and the defendants Andrew J. Davis, Jr., John E. Davis, Morris A. Davis, and the other sons of said John A. Davis, who are not made parties to this action, entered into a compromise agreement with the contestants of said will, and with Ellen S. Cornue, Mary Louise Dunbar, Elizabeth S. Ladd, heirs of Andrew J. Davis, and with Joshua G. Cornue, husband of Elizabeth S. Cornue, and with Charles S. Ladd, husband of Elizabeth S. Ladd, by the terms of which it was agreed that the objections to the probate of the alleged will of Andrew J. Davis should be withdrawn, and that $1/25$ of his estate should be given to Harriet Sheffield and Henry A. Davis, and $19/44$ of the remainder should be distributed to the widow and heirs at law of John A Davis, and the remaining $25/44$ of said estate should be distributed to the other parties named in the compromise agreement. The bill charges that this compromise agreement was entered into by all the parties thereto with notice of the complainant's rights under the contracts hereinbefore referred to, and with the corrupt and fraudulent intention of dividing the estate of Andrew J. Davis among themselves, and defrauding the complainant of his rights under the contract of May, 1890, and his subsequent contract with John A. Davis. The alleged will of Andrew J. Davis was admitted to probate on the 27th day of March, 1895, the decree reciting the compromise agreement above referred to, and setting forth that it was based upon that agreement as well as upon proofs submitted to the court showing that the will was properly executed and was the last will of said Andrew J. Davis; and in the same decree it was further ordered and adjudged that, in pursuance of such compromise agreement, the parties thereto should, upon the distribution of the estate, have and receive the respective shares thereof provided for by such agreement. The bill alleges that all that part of the decree which assumes to adjudge that the estate should thereafter be distributed in accordance with the compromise agreement is absolutely void by reason of a want of jurisdiction in the court to so adjudge. The bill also alleges that the claims against the estate of Andrew J. Davis do not exceed $50,000, and that no reason exists why the legacy given by the will of Andrew J. Davis should not be immediately distributed to the administrator of the estate of John A. Davis; and it is

further shown that the defendants threaten to divide the estate in accordance with the compromise agreement and decree of the court, and other facts are stated tending to show that if such division is made the share to which the complainant is entitled under his contract will become lost, etc. The prayer of the bill is that the court shall adjudge to be valid the agreements made by the complainant with John A. Davis and the other heirs of Andrew J. Davis, and that it shall set aside the compromise agreement, and adjudge as against the defendants that the complainant is entitled to receive one-half of the legacy given to John A. Davis under and by the will of Andrew J. Davis, deceased, and that the defendants Andrew J. Davis, Jr., John E. Davis, Morris A. Davis, and Thea Jane Davis be enjoined from dividing or distributing the estate of Andrew J. Davis, or any portion of the same, and from accepting or receiving, directly or indirectly, any part of the property or estate of Andrew J. Davis, deceased; and that the defendant John H. Leyson, as administrator with the will annexed of Andrew J. Davis, deceased, shall be enjoined from distributing or paying over any portion of the estate of Andrew J. Davis, deceased, to any of the parties to the compromise agreement or to the other defendants; and that the said John H. Leyson shall be directed to account forthwith for all of his proceedings as such administrator, and be directed, after retaining his commissions and a sum not to exceed $50,000, to provide for unpaid claims against said estate, to pay over the entire balance of the estate of Andrew J. Davis to the defendant John E. Davis, as administrator of John A. Davis, deceased, and that the said John E. Davis be directed to apply for the legacy or devise given to his father, John A. Davis, in and by the will of Andrew J. Davis, deceased, and after receiving the same, and without changing its form or before appropriating any part thereof to his own use or to the use of any one else, to pay over one-half thereof to the complainant. There is also a prayer for general relief. Several of the parties to the compromise agreement under which the will of Andrew J. Davis was probated are not parties to the action.

The objections urged against the bill of complaint, as stated in the demurrers filed, are: First, that the facts alleged are not such as to entitle the complainant to any relief as against the defendant; second, that the court has no jurisdiction of the case stated in the bill; third, that it appears there are divers persons not made parties to the bill who are necessary parties thereto.

1. The cause of action alleged in the bill is based upon the agreement between the complainant and John A. Davis, mentioned in the power of attorney executed by the latter to the complainant. This instrument, as set forth in the bill, is in legal effect a written admission by John A. Davis that he and the complainant had entered into an agreement by which, so far as necessary to be here stated, the complainant was to prosecute and defend all actions necessary to establish the validity of the alleged will of Andrew J. Davis, and the right of John A. Davis to the legacy thereby given to him, the complainant to bear all the costs incident to such litigation, in consideration of one-half of whatever property John A. Davis might become entitled to receive on account of such legacy either as a result of a final judgment

establishing the validity of the will or as the result of the compromise of any litigation or controversy concerning its validity. The present action is in the nature of a suit for the specific performance of this agreement, and if it be true, as alleged, that the contract has been fully performed upon the part of the complainant, and the validity of the will of Andrew J. Davis has been finally established, his right to the specific performance of such contract, as against the heirs at law of John A. Davis and the administrator of his estate, would not seem to be doubtful. It is not suggested that the agreement is invalid upon its face, nor that it is inequitable in its provisions, and I know of no principle of law which would deny to the complainant the right to its enforcement upon establishing the facts alleged. Indeed, that the bill of complainant states a sufficient cause of action was expressly decided by the New York court of appeals in the case of Davis v. Cornue, 151 N. Y. 172, 45 N. E. 449. The complainant here was the plaintiff in that action, and, upon a complaint alleging substantially the same facts as are stated in the bill now under consideration, he sought to enjoin some of the parties to the compromise agreement hereinbefore referred to from receiving any part of the estate of Andrew J. Davis, and, in passing upon the sufficiency of that complaint, the court there said:

"We are of the opinion that the court had jurisdiction and authority to award a judgment against the defendants in personam, restraining them from receiving and dissipating the funds belonging to the estate of Andrew J. Davis, and that the complaint states facts sufficient to constitute a cause of action."

There was a dissenting opinion in that case, but upon a ground other than that relating to the sufficiency of the complaint. Upon that point, the author of the dissenting opinion (Bartlett, J.) said:

"I am of the opinion that the complaint does state a cause of action, and that the court below had a limited jurisdiction, in a technical sense, but, within its discretionary power, it could decline to exercise it."

2. In my opinion, the bill states a cause of action within the equitable jurisdiction of this court. The controversy here is between citizens of different states. The fact that this controversy relates to property belonging to the estate of a deceased person, and that such estate is now in process of administration in the courts of the state of Montana, does not affect the jurisdiction of this court to determine, as between the complainant and the heirs of John A. Davis and the administrator of his estate, what, if any, rights the complainant may have under the agreement sought to be enforced. The questions involved are such as fall within the ordinary jurisdiction of courts of equity, and that the circuit courts of the United States have, by virtue of their general chancery jurisdiction, authority to specifically enforce, as between citizens of different states, agreements concerning property, although such property may belong to the estate of a deceased person, is a proposition which, I think, may be regarded as firmly established. Green v. Creighton, 23 How. 90; Hayes v. Pratt, 147 U. S. 557, 13 Sup. Ct. 503; Lawrence v. Nelson, 143 U. S. 215, 12 Sup. Ct. 240; Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906.

3. The next question to be considered, and the one which was most strongly insisted upon by the learned counsel for defendants, is that which arises upon the objection that there is an absence of necessary parties to the bill. As before stated, all the parties to the compromise agreement, under which the will of Andrew J. Davis was probated, are not made parties to this action. These absent parties may be divided into two classes: First, certain of the heirs at law of John A. Davis; second, those who contested the will of Andrew J. Davis, and others who joined with them in executing the compromise agreement.

The persons belonging to the second class are entitled, under the compromise agreement, to more than one-half of the legacy given to John A. Davis by the will of Andrew J. Davis. The special relief prayed for in the bill is that this compromise agreement be set aside, and that the court shall adjudge that the complainant is entitled to receive the full one-half of the legacy given to John A. Davis by the will just referred to. In other words, the complainant asks for a decree which in terms shall assume to take away from these absent parties a portion of the property secured to them by the compromise agreement. It is argued upon behalf of the complainant that the court may upon the facts stated in the bill rightfully enter such a decree. I am unable to give my assent to this proposition. On the contrary, I understand the law to be that no court is authorized to give a judgment which upon its face assumes to affect the interests of persons not before it. This rule is not simply one of practice, from which the court may under some circumstances depart, as, for instance, when such absent parties cannot be brought within its jurisdiction, but it is one of those fundamental principles of justice which forbids any court to adjudicate upon the rights of any one not actually or constructively before it. Mallow v. Hinde, 12 Wheat. 198. But while the complainant will not, in the absence of the other parties to the compromise agreement, be entitled to the special relief claimed by him, it does not necessarily follow that the demurrers to the bill must be sustained because of the absence of such parties. The bill contains a prayer for general relief, and if upon the facts alleged the complainant is entitled to any relief which the court can decree without affecting the rights of absent parties, or doing injustice to the defendants actually before it, the general demurrer on the ground of absence of necessary parties should be overruled, and the defendants be required to answer. This rule is stated with great clearness by Curtis, J., in delivering the opinion of the supreme court in the case of Shields v. Barrow, 17 How. 130. That learned judge there said:

"It remains true, notwithstanding the act of congress and the forty-seventh rule, that a circuit court can make no decree affecting the rights of an absent person, and can make no decree between the parties before it, which so far involves or depends upon the rights of an absent person that complete and final judgment cannot be done to the parties to the suit without affecting those rights. To use the language of this court in Elmendorf v. Taylor, 10 Wheat. 167: 'If the case may be completely decided as between the litigant parties, the circumstance that an interest exists in some other person whom the process of the court cannot reach, as if such party be a resident of another state, ought not to prevent a decree upon the merits.' But, if the case cannot be thus completely decided, the court should make no decree."

Let this rule be applied to the present case. Is the complainant, upon the facts alleged in the bill, entitled to any relief against the parties defendant, not involving or dependent upon the rights of absent parties? Is the presence of the other parties to the compromise agreement necessary in order to enable the court to do complete justice to the defendants in the action? If the rights or claims of the defendants and the absent parties are inseparable under the compromise agreement, or dependent one upon the other, so that the court cannot give any judgment in favor of plaintiff without affecting the rights of such absent parties, then clearly all the parties to that agreement are indispensable parties to this bill; but if, on the other hand, the rights of the parties to such agreement are separable, then no reason is perceived why the court cannot proceed and make such decree as may be just, as between the parties to this action. Under the compromise agreement, as I construe it, the parties thereto are to have separate shares of the estate divided, and in so far the rights secured to each by that agreement are separate and distinct, and each must defend, when it is assailed, the right or title to his or her share of the property, under that agreement. This action, as before stated, is substantially one for the specific performance of an agreement relating to property. If the allegations of the bill of complaint are true, any of such property to which the heirs at law of John A. Davis shall succeed will be subject to the equitable rights of the complainant under his agreement with John A. Davis, and the court can so adjudge in this action, without doing any injustice to the defendants. So far as now appears, and without anticipating the answer of defendants, the questions before the court upon the final hearing will be: Has the agreement sued on been fully performed by the complainant, and, if so, what are his rights under it, as against the defendants? Or, stated in another form: To what extent may that agreement be enforced as against that portion of the property to which it relates which has come into the possession of the defendants, or which they claim as heirs at law of John A. Davis? In my opinion, the presence of other parties is not necessary in the decision of these questions.

4. What has been said relates more particularly to the objections raised by the demurrer of the defendants other than J. H. Leyson, who is sued as the administrator of the estate of Andrew J. Davis. Among other things, the bill prays that this defendant be "directed to account forthwith for all his proceedings as such administrator, and be directed, after retaining his commissions and a sum not to exceed $50,000 to provide for unpaid claims against said estate, to pay over the entire balance of said estate of Andrew J. Davis to the administrator of John A. Davis." This prayer is too broad, and asks for relief which this court has no jurisdiction to give. To ascertain the amount of unpaid claims against the estate of a deceased person, and to determine when such an estate is in a condition for distribution, are matters within the jurisdiction of the courts of the state exercising probate jurisdiction, and concerning which this court has no authority to interfere. In so far as the bill seeks to enjoin the defendant from paying over the moneys or delivering the other property

of the estate of A. J. Davis to the other defendants in this action, I think it can be sustained.

5. As already stated, no decree affecting the rights of one not actually or constructively brought within the jurisdiction of the court can properly be made. Whether under this rule any decree can be entered which will affect the interests of the three sons of John A. Davis, not parties to this action, or whether it may be held that they are represented by the administrator of the estate of John A. Davis, is a question not necessary to be decided now, and upon which no opinion is expressed. It may also be added, in conclusion, that, under the agreement which is the basis of complainant's alleged cause of action, his right to any part of the legacy given to John A. Davis was entirely contingent upon the probate of the will of Andrew J. Davis, either as the result of litigation, or following the compromise of controversies relating to its validity. This will was probated as the result of the compromise agreement. The probate of the will and the agreement under which the opposition to its probate was withdrawn were parts of one transaction, and constitute the subject-matter of one entire contract. The complainant here demands a judgment to the effect that he is entitled to recover the entire property awarded to the heirs at law of John A. Davis in the settlement of the controversy relating to the alleged will of Andrew J. Davis. That is to say, the complainant seeks in this action to avail himself of the benefit to be derived from that part of the compromise agreement providing for the probate of the will, and at the same time to repudiate all the burdens imposed by that agreement upon the heirs at law of John A. Davis, in consideration of the withdrawal of objections to the probate of the will. Whether this demand of complainant can be, upon principles of equity, sustained to its full extent, is a question not presented by the demurrers, and can be more appropriately determined by the final decree. It is sufficient to say that, in my judgment, if the complainant shall succeed in establishing the facts alleged by him, he will be entitled to some relief, the extent and nature of which is to be ascertained upon the final hearing, in view of such evidence as shall then be before the court.

The demurrers are overruled, and the defendants allowed until next rule day to answer.