HON. JOHN B. CLAYBERG,
HON. LEW. L. CALLAWAY,*
HON. W. H. POORMAN.
HON. HENRY N. BLAKE.**

---

*Resignation took effect January 1, 1905.
**Appointed January 2, 1905.

IN RE DAVIS' ESTATE.
ROOT ET AL., APPELLANTS, v. LEYSON, ADMINISTRATOR, RESPONDENT.

(No. 1,939.)

(Submitted September 28, 1904. Decided December 8, 1904.)

*Administrator's Account — Sufficiency — Attorney's Fees— Amount.*

(421)

1.    An administrator cannot charge the estate with expenses incurred in advising with counsel with respect to interests and demands antagonistic to the claims of the heirs when he knows that such counsel is representing the antagonistic interests.

2.    Where attorneys were retained generally, and represented the estate in all litigation for several years, the administrator's account for the amount paid such attorneys is sufficiently itemized by giving the dates of the commencement and close of such services, with the gross amount.

3.    Evidence in support of an administrator's account *held* sufficient to sustain the allowance to an attorney for the estate of $12,500 for two and one-half years' services.

4.    The purpose of the intermediate accounts of an administrator being to inform the court and persons interested as to the receipts, disbursements and changes in property, if any, the administrator need not charge himself therein with the appraised value of the entire estate.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judege.*

To THE account of John H. Leyson, administrator of the estate of Andrew J. Davis, deceased, Henry A. Root and others filed objections. From an order allowing the account, the objectors appeal. Affirmed.

*Mr. M. S. Gunn,* and *Mr. Charles R. Leonard,* for Appellants.

*Messrs. Forbis & Mattison,* for Respondent.

MR. COMMISSIONER POORMAN prepared the following opinion for the court:

This is an appeal from an order of the district court allowing an account of the administrator. In July of 1902 John H. Leyson, administrator with the will annexed of the estate of Andrew J. Davis, rendered and presented for settlement and filed in the district court his seventh annual account of his administration of said estate. Afterwards, in August, 1902, Henry A. Root, Ellen S. Coram, Henry A. Root, administrator of the estate of Sarah Maria Cummings, deceased, and Joseph A. Coram, being parties in interest in the said estate, and a part of the distributees thereof, filed in the court their certain objections in writing to this account, and a hearing was had thereon. At the hearing many of the items objected to were withdrawn,

and the only ones remaining to which objection is here urged are those of \$1,250 paid by the administrator to E. N. Harwood "for legal counsel," and \$12,500 paid by him for attorney fees to Forbis & Mattison.   Objection is also made to the account as a whole, on the ground that it is not sufficiently itemized to show the condition of the estate.   In December, 1902, the court made an order allowing the account so far as it related to the items not withdrawn, and from this order the objectors appeal.

1.   The facts connected with the Davis estate have been so many times stated by this and other courts that a detailed statement is not here deemed necessary.   The student of these matters will find a full narrative of them by referring to the following cases:   *In re Davis' Estate,* 11 Mont. 1, 27 Pac. 342; *Id.,* 11 Mont. 196, 28 Pac. 645; *Id.,* 11 Mont. 216, 28 Pac. 650; *Id.,* 15 Mont. 347, 39 Pac. 292; *Id.* 27 Mont. 235, 70 Pac. 721; *Id.,* 27 Mont. 490, 71 Pac. 757; *Harris, Adm'r,* v. *Root et al.,* 28 Mont. 159, 72 Pac. 429; *Davis* v. *Davis et al.,* (C. C.) 89 Fed. 532; *Ingersoll* v. *Coram et al.,* (C. C.) 127 Fed. 418.

It is sufficient for the purpose of this appeal to say that John A. Davis, the proponent of the will, died pending the contest, and his son, John E. Davis, was appointed administrator of his estate.   Erwin Davis had in the meantime made an agreement with John A. Davis, under the terms of which Erwin was to receive one-half of the estate which should pass to John A. Davis under the will, and under the provisions of the will practically the entire estate was to go to John A. Davis.   A compromise agreement was subsequently entered into, under the terms of which a certain part of the estate was to go to the heirs of John A. Davis, and the balance of the estate was to go to the heirs of Andrew J. Davis other than Erwin.   John H. Leyson is administrator of the latter estate.   E. N. Harwood was and is the counsel for Administrator John E. Davis, and Forbis & Mattison were and are the counsel for Administrator Leyson.   The specific objection made to the item of \$1,250 claimed to have been paid E. N. Harwood as counsel fee is that the evidence does not dis-

close that it is a proper charge against the estate, and that the same is not sufficiently itemized in the account. The litigation to which reference is made in the record are the cases above referred to as reported in the 27th Montana (70 and 71 Pac.), 28th Montana (72 Pac.), 89th Federal and 127th Federal.

In this litigation Judge Harwood represented interests not in accord with the agreement whereby the will was probated, and under which the distributees of the estate of Andrew J. Davis claimed, but directly antagonistic to the claims and demands of some or all of these distributees as to their distributive shares in the estate. And this litigation continued for years, and, still continuing, covers nearly every phase of the Davis estate. This fact alone is sufficient to prevent recovery of this item of expense. An administrator cannot charge an estate with expense incurred in advising with counsel who he knows is at the time representing interests and demands antagonistic to the claims of the heirs, as such, and with respect to those very interests. He cannot in any case or in any manner, either by advice or otherwise, litigate any claim or demand of one legatee or heir at the expense of the estate (*In re Dewar's Estate,* 10 Mont. 422, 25 Pac. 1025), for this would be compelling a legatee or heir to pay for the institution and maintenance of litigation directed against himself; and this principle applies to litigation of matters in difference between parties who are not heirs or legatees and those who are. The administrator may make himself personally liable, but he cannot be permitted to charge the same back to the estate. On question of allowance of attorney's fees, see *Royer's Appeal,* 13 Pa. St. 569; *In re Archer's Estate,* (Sur.) 23 N. Y. Supp. 1041; *In re Byrne's Estate,* 122 Cal. 260, 54 Pac. 957; *Wysong v. Nealis,* 13 Ind. App. 165, 41 N. E. 388; Woerner's Amer. Law Administration, 2d Ed., Sec. 515; *Estate of Page,* 57 Cal. 238.

2. The objection made to the item of $12,500 paid to Forbis & Mattison is that it is not sufficiently itemized in the account filed, and that it is not supported by the evidence. The statement in the account of the administrator is: "By Forbis &

Mattison, atty. fees from Nov. 1st, '99, to May 1st, '02 (2½ years) $12,500." It appears from the record and is admitted that Forbis & Mattison were the regular attorneys for this estate. It is therefore presumed that they appeared for the administrator in all matters of litigation requiring an attorney, and that they counseled him on all matters in which he required counsel. The account is for a definite term, and, we think, sufficiently itemized, taking into account the circumstances of this estate as appears from the record. The evidence supporting this account is to the effect that the condition of the estate occupied the entire time of an attorney, and the mass of litigation, involving various phases of this estate, tends strongly to corroborate this evidence. It is in evidence in this cause that nearly every step in the administration of this estate involved litigation in some form. An attorney and counsel fee of $5,000 per year in an estate of this magnitude, involving all this litigation—a continued succession of conflicting claims and interests—is not unreasonable, and we cannot say that the court abused its discretion in allowing this claim. We think the action of the court with respect thereto should be sustained.

3. It is also objected that the administrator, in the account filed, has not charged himself with the appraised value of the entire estate, but has simply given a statement of the receipts and disbursements of money since his last report. We are inclined to adopt the view of counsel for respondents that these intermediate accounts are only to inform the court and the interested parties of the receipts and disbursements and changes in the property from time to time, and it is not the intention of the law that the administrator should in every account give a full inventory of the assets of the estate. This properly belongs to the inventory which is filed, except the actual cash on hand, which the law appears to contemplate he should carry forward in his several accounts rendered to the court. The account filed in this case, we think, complies sufficiently with the requirement of Sections 2780 *et seq.*, Code of Civil Procedure.

We think this order should be reversed so far as it relates to

the allowance of this item of expense for the $1,250 paid for counsel to E. N. Harwood, and that otherwise the order should be affirmed.

PER CURIAM.—It is ordered that the cause be remanded to the district court, with direction to that court to modify its order approving the account of the administrator by striking therefrom the item of $1,250 allowed as for counsel fees paid by the administrator to E. N. Harwood, and, as so modified, that the order be affirmed.

*Modified and affirmed.*

Rehearing denied January 16, 1905.