The Hon. William T. Pigott,[1]
The Hon. George R. Milburn,       } Associate Justices.
The Hon. William L. Holloway,[2]

## In re DAVIS' ESTATE.

(No. 1,799.)

### Motions to Dismiss Appeals.

(Submitted July 7, 1902.  Decided December 4, 1902.)

*Probate Proceedings—Distribution of Estate—Decree—Appeal
—New Trial.*

1.  The right of the administrator with will annexed, and of an heir of a
    beneficiary under the decedent's will, to appeal from a decree granting a

---

1.  Term expired January 5, 1903.
2.  Qualified January 5, 1903.

distribution of the estate, in proceedings under Code of Civil Procedure, Sec. 2835, authorizing legatees to present petitions to the judge or court for the distribution of the estate, and requiring the giving of notice of the application to the executor or administrator and all persons interested, and in which proceedings the administrator and heir both appeared in opposition thereto, will not be determined on a motion to dismiss the appeals, based on the theory that they are not aggrieved by the decree; they being "parties aggrieved," within Code of Civil Procedure, Sec. 1721, granting the right of appeal to parties aggrieved.

2. A motion to dismiss an appeal presents generally but two questions,—whether the appeal lies from the particular order or judgment, and whether, if it does, the appellant has prosecuted it as required by the statutes and the rules of the supreme court.

3. Code of Civil Procedure, Sec. 2921, declares that the provisions relative to new trials and appeals in civil actions shall apply to proceedings mentioned in the title relating to probate proceedings. Section 2923 provides for the trial of issues of fact joined in probate proceedings. Section 2924 provides for a trial by the court or judge in case no jury is demanded, and authorizes either party to move for a new trial on the same grounds as in civil actions. Held, that parties opposing the granting of a decree for a distribution of the estate of a decedent in proceedings under Section 2835 may make a motion for a new trial where the decree directs the distribution.

4. A contention that a motion for a new trial does not lie in proceedings for the distribution of a decedent's estate under Code of Civil Procedure, Sec. 2835, because all the facts alleged in the petition were admitted by defendants, is without merit on a motion to dismiss an appeal from an order denying the new trial; that fact being a sufficient reason for an affirmance of the order on the hearing, but no reason for a dismissal of the appeal.

5. Under the express provisions of Code of Civil Procedure, Sec. 1722, an appeal lies from an order denying a motion for a new trial in proceedings for the distribution of an estate under Section 2835.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

PROCEEDINGS for the distribution of the estate of Andrew J. Davis, deceased, by Henry A. Root and others, against John H. Leyson, administrator with the will annexed, and another. From a decree ordering the distribution, and from an order denying a new trial, defendants appeal. Motions by plaintiffs to dismiss the appeals denied.

*Mr. E. N. Harwood,* and *Messrs. Forbis & Mattison,* for Appellants.

*Messrs. Clayberg & Gunn,* and *Mr. Chas. R. Leonard,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Motions to dismiss appeals. On February 9, 1901, Henry A. Root, Ellen S. Cornue, Joseph A. Coram and Sarah Maria Cummings filed their petition in the district court of Silver Bow county, in the matter of the estate of Andrew J. Davis, deceased, which had for some years been pending for settlement in said court, asking that $100,000 in money and 100 shares of bank stock, then in the hands of John H. Leyson, administrator, be distributed to the persons interested in said estate, in shares in proportion to their respective interests. The said Andrew J. Davis died testate in Silver Bow county on March 11, 1890. Under the terms of his will, John A. Davis, a brother, was made sole legatee, after the payment of several small legacies specifically provided for. When the will was presented for probate, certain of the next of kin interposed contests. These contests were pending until March 27, 1895; John A. Davis, the proponent of the will, having in the meantime died, and John E. Davis, his son, having been appointed his administrator. On the latter date, by compromise agreements, to which, it seems, all the next of kin claiming an interest in the estate, except those hereafter mentioned, or their assignees or representatives, were parties, these contests were settled, and by a decree of that date the will was admitted to probate. The decree also determined the respective shares to which, under the agreements, the estate of John A. Davis, the residuary legatee, and each of the contestants, were entitled. John H. Leyson was then appointed administrator with the will annexed, the administrator of John A. Davis having been permitted by an order of court to effect the compromise on behalf of the estate of his father. Thereafter still another contest was instituted by other next of kin of Andrew J. Davis. After pending for some time this contest was also settled by compromise agreements, the respective shares of the various claimants being declared or decreed as follows, subject to the payment of the specific legacies provided for in the will: That John E. Davis, as adminis-

trator of the estate of John A. Davis, deceased, was entitled to have and receive 200-1100 of the estate in kind; that Henry A. Root, Sarah Maria Cummings, Mary L. Dunbar, Elizabeth S. Ladd and Ellen S. Cornue were entitled to 250-1100; that Harriet R. Sheffield and Henry A. Davis were entitled to 44-1100; that Elizabeth S. Bowdoin, Calvin P. Davis and Harriet Wood were each severally entitled to have 50-1100; that Elizabeth A. Smith was entitled to have 25-1100; and that Andrew J. Davis and Charles H. Palmer, as trustees, appointed by a compromise agreement dated April 28, 1893, were entitled to have 431-1100 of said estate in kind, to be held and disposed of by them pursuant to the provisions of the trust created by that agreement. It is not necessary to state here what are the specific provisions of that agreement.

The petition sets forth with particularity all these proceedings. It further alleges that more than twelve months have elapsed since the publication of the notice to creditors as provided by law; that there are now in the hands of the administrator about $115,000 in money, besides said bank stock; that all special bequests provided for in the will have been paid; that there are no claims against the estate, except the expenses of administration, accrued and to accrue; that the sum of $25,-000 will be sufficient to meet all demands of this character; that the said money and bank stock can safely be distributed, without injury to the estate, or any claimant of an interest therein; and that prior to the filing of the petition said Elizabeth S. Ladd, with her husband, Charles H. Ladd, and Mary Louise Dunbar, had, for a valuable consideration, assigned, transferred and conveyed their interests in the estate to the petitioner, Joseph A. Coram, who is now entitled to receive the same. It is also stated that Harriet Wood is dead, and that one Harriet Holton is her successor in interest. Subsequent to the filing of the petition, Harriet R. Sheffield and Henry A. Davis appeared by counsel and joined in the prayer thereof.

Thereupon, after notice, John H. Leyson, administrator, and John E. Davis, administrator of John A. Davis, appeared and filed separate answers to the petition. The petitioners then

filed their replications. Upon the issues thus presented the
court heard evidence, and, after consideration, granted the order
as prayed. John H. Leyson, as administrator, and John E.
Davis, as representative of the interests of his father's estate,
each moved for a new trial. These motions being denied, both
appealed to this court from the order denying a new trial and
from the order of distribution. Motions have been submitted
by the petitioners, asking that all these appeals be dismissed.

1. The principal ground of the motions directed at the ap-
peals from the order of distribution is that an appeal does not
lie in favor of either of the appellants, because they are not
aggrieved by the action of the court in granting the order. Coun-
sel say that the administrator of the estate has no interest by
virtue of which he may exercise the right of appeal, and that
John E. Davis is not aggrieved, because the share to which the
estate represented by him is entitled will be retained by the ad-
ministrator until final distribution. These are questions which
cannot be considered upon these motions. Speaking generally,
a motion to dismiss an appeal can present but two questions,
viz., whether the appeal lies from the particular order or judg-
ment, and whether, if it does, the appellant has failed to secure
it by neglecting to pursue the procedure necessary to that end,
or has lost it by neglecting to prosecute it as required by the
statute and the rules of this court. If it appears from the record
that the appellant was a party to the proceeding in the court be-
low, from a final determination of which an appeal lies, and
that he has properly perfected and prosecuted an appeal from
the final judgment or order entered therein, this is a sufficient
reason why the motion to dismiss the appeal should be denied.
He is a "party aggrieved," within the meaning of Section 1721,
Code of Civil Procedure, granting the right of appeal to such
party from any of the orders enumerated in Section 1722, as
amended by Session Laws of 1899, p. 146, and whether or not
he has been in fact prejudiced or aggrieved by the particular
order or judgment is a question to be determined after a hear-
ing upon the merits.

The application to the trial court was made under the pro-

visions of Section 2835 of the Code of Civil Procedure. After directing what procedure shall be observed, and notice given, this section provides that "the executor or administrator, or any other person interested in the estate, may appear at the time named [in the notice] and resist the application. * * *" Both of the appellants appeared on behalf of the interests represented by them, respectively, as it was their right and duty to do, and resisted the application. Section 2835 grants them not only the right to resist, but also to resist effectually, and this right puts them within the class to whom the right of appeal is assured under the provisions of Sections 1721 and 1722, cited. The exact question here presented,. so far as the administrator is concerned, was decided by this court in *In re Phillips' Estate,* 18 Mont. 311, 45 Pac. 222. In that case an application was made for a partial distribution under the provisions of the Second Division of the Compiled Statutes of 1887 (Sections 284-287), allowing it to be made after the lapse of four months from the issuance of letters to the administrator or executor. These sections are incorporated in the Code of Civil Procedure of 1895 as Sections 2830-2833. Section 286 of the Compiled Statutes, *supra* (Code of 1895, Section 2832), provides that the executor or administrator, or any person interested in the estate, may appear at the time named and resist the application. In view of this provision, and the provision of Section 445 of the First Division of that Code, permitting an appeal from the order, it was held that the executor or administrator was entitled to an appeal. The court gave its reasons in the following language: "The reason of the statute must be that the executor, who is strictly bound to see to it that the estate is preserved for distribution to creditors and others who may be entitled thereto upon final distribution, is interested in resisting any order of distribution, made before final settlement, by which the assets of the estate may be dissipated to the injury of creditors' rights. But when final distribution is ordered, and his official trust is about terminated, and the creditors have had full time to present their claims, and all claims have been presented, and the heirs and legatees are in

court, having done his duty by preserving the estate for distribution, then, as executor, he can have no interest in a claim of one legatee as against others, at the expense of the estate."

But whether the reasons be there correctly stated or not, the fact remains that the administrator falls within the provisions of the statute. It was so held by this court upon application for a writ of review to have annulled the order now before us. (*State ex rel. Leyson* v. *District Court of Second Judicial Dist.,* 26 Mont. 378, 68 Pac. 411.) The same is true of the representative of the estate of John A. Davis. He has a vital interest in the disposition of the assets of the estate, and falls within the same category with the administrator. None of the other grounds of the motions challenge the right of appeal, but present questions which can be determined only after a careful examination of the record, and by a decision of questions which go to the merits of the controversy. This may not now be done, whether there be merits in the appeals or not. The motions directed at the appeals from the order of distribution must therefore be denied.

2. The questions presented by the motions to dismiss the appeals from the order denying a new trial are more difficult, but we think they must also be denied. The grounds of the motions are that under the statutes of Montana no such practice is known as a motion for a new trial in a case or proceeding of this character, and that there could not have been a re-examination of any issue of fact, within the meaning of the statute (Code of Civil Procedure, Section 1170), because all the material facts alleged in the petition were admitted. The argument of respondent is that upon application of this character no issues of fact can arise, a re-examination of which may be had upon a motion for a new trial, and that, even if such an issue could arise, the wording of Section 2835, *supra,* implying that the hearing may be had before the court or judge, contemplates a method of procedure inconsistent with the provisions of Part II of the Code, which provides for trials by the court only, with or without a jury, and never by the judge. Sections 2921, 2923 and 2924 of the Code of Civil Procedure provide:

"Sec. 2921.    The provisions of Part II of this Code, relative to new trials and appeals—except in so far as they are inconsistent with the provisions of this Title—apply to the proceedings mentioned in this Title."

"Sec. 2923.    All issues of fact joined in probate proceedings must be tried in conformity with the requirements of Article II, Chapter II, of this Title, and in all such proceedings the party affirming is plaintiff, and the one denying or avoiding is defendant.    Judgments therein, on the issue joined, as well as for costs, may be entered and enforced by execution or otherwise, by the court or judge, as in civil actions."

"Sec. 2924.    If no jury is demanded, the court or judge must try the issues joined.    If on written demand a jury is called by either party, and the issues are not sufficiently made up by the written pleadings on file, the court or judge, on due notice to the opposite party, must settle and frame the issues to be tried, and submit the same, together with the evidence of each party, to the jury, on which they must render a verdict.    Either party may move for a new trial, upon the same grounds and errors, and in like manner, as provided in this Code for civil actions. If the trial of the issues joined requires the examination of an account, the court or judge must try the matter or refer it, and no jury can be called."

The language of the latter two of these sections is very positive and comprehensive.    By reference to Article II, Chapter II, of this Title (Title XII), we find that its provisions contemplate the same procedure, in all essential particulars, as is required in Part II, relating to trials in civil actions.    These provisions, therefore, not only permit, but seem to require, all issues of fact to be tried by the court, with or without a jury, at the option of either party, except in so far as other provisions may be found in this Title with which they are inconsistent. The only provision which seems to be inconsistent with this theory is the provision contained in Section 2913, which declares that all orders mentioned in this Title and all proceedings in matters of probate may be made or heard before the court or judge at chambers, and that when a jury is needed the court or

judge may order the trial to take place in court, as provided by Part II of this Code. But we do not think this provision is intended to apply to the trial of matters where contests arise upon issues of fact made up by formal pleadings, or framed by the court or judge under the provisions of Section 2924, *supra.* There is no mode provided by which a jury may be summoned and the proceedings conducted by the judge at chambers in conformity with Part II, relating to trials in civil cases. · For this reason we think that the provisions of Section 2913 are entirely consistent with the idea strongly implied by the other sections cited,—that contests of this kind must be conducted with the formalities and procedure applicable to ordinary actions, with the aid of all the court machinery necessary for that purpose.

If this is the correct theory,—and we think it is,—then, whenever an issue of fact is made, and the trial is had in the ordinary way, a motion for a new trial will lie, and a re-examination of the issues may be had. "It would be impracticable to enumerate the cases in which a motion for a new trial is appropriate in probate proceedings, but it may be stated generally that whenever the action of the court which is invoked is dependent upon the existence of certain extrinsic facts which are presented to it for determination in the form of pleadings, and are to be decided by it in conformity with the preponderance of the evidence offered thereon, an issue of fact arises, which, after its decision, may be re-examined by the court upon a motion for a new trial." (*In re Bauquier's Estate,* 88 Cal. 302, 26 Pac. 178, 532.) The general rule thus stated is in conformity with the spirit of the provisions under consideration. At the same time it is clearly the policy of the Title relating to probate practice and proceedings that all dilatory proceedings should be curtailed as far as possible. Under the rule above stated, we think a motion for a new trial was proper in the present case, for a trial was had upon supposed issues made up by formal pleadings.

It is said by counsel that there was in fact no issue made up by the pleadings which the court could try upon an application of this kind, because all the material facts were admitted. If

this be true, it is a sufficient reason why the order should be affirmed upon the hearing, but no reason why an appeal from the order should be dismissed. The section of the statute under which the proceeding was brought contemplates cases in which important issues may be made, and upon which the court is required to make findings of fact upon the preponderance of the evidence. Whether such issues were in fact made in the present case, and the appellants pursued the proper course to have them re-examined on this motion for a new trial, is a consideration which goes to the merits of the controversy and not to the right to the particular remedy sought to be applied. In cases where a motion for a new trial may be made, an appeal lies from an order denying it, though the record on appeal contains no statement or bill of exceptions, properly settled, upon which it is predicated. In such cases the appeal will not be dismissed on motion because the proper procedure has not been observed. (*Beach* v. *Spokane Ranch & Cattle Co.*, 21 Mont. 9, 52 Pac. 560; *In re Reilly's Estate,* 26 Mont. 358, 67 Pac. 1121.) The proper motion in such a case is for an affirmance of the order. So, if the case belongs to a class in which a motion for a new trial may be a proper remedy, the question whether there were material issues of fact tried by the court below, which could be re-examined on a motion for a new trial, will not be determined on a motion to dismiss the appeal, but will be considered as affecting the merits of the motion for a new trial.  .

As to the right of appeal from the order there can be no controversy. This is granted under Subdivision 2 of Section 1722. This provision applies to matters in probate proceedings as well as to ordinary civil cases. (*Estate of Tuohy,* 23 Mont. 305, 58 Pac. 722; *In re Bouquier's Estate,* 88 Cal. 302, 26 Pac. 178, 532.)

The motions are therefore denied.

*Denied.*