IN RE DAVIS' ESTATE.

LEYSON ET AL., APPELLANTS, *v.* ROOT ET AL.,
RESPONDENTS.

(No. 1,799.)

(Submitted February 28, 1903.    Decided March 14, 1903.)

*Probate Proceedings—Jurisdiction of Court—Will Contest—
Compromise Agreement — Confirmation—Partial Distribution.*

1.  Though the jurisdiction of the district court when exercising its probate powers is, in a sense, special and limited, and depends upon the statute, yet, by implication, it also possesses all the powers incidentally necessary to an effective exercise of the powers expressly conferred.

2.  Under Code of Civil Procedure, Secs. 2320-2382, giving the district court, while exercising probate jurisdiction, power to entertain a contest of a will, the court has power, on consent of all the parties interested, to enter a decree affirming a compromise of such a contest, and ascertaining the share to which the parties are respectively entitled.

3.  Where a contest of a will was settled by agreement of the parties, and a decree entered affirming such agreement, and fixing the shares of the estate to which the parties were entitled as agreed, such decree became the basis of administration as to the devolution of the property, and such parties and their assigns, though not heirs or legatees named in the will, had a right to petition for a partial distribution of the estate under Code of Civil Procedure, Sec. 2835, authorizing such distribution on petition of an heir, devisee, or legatee.

4.  Where a distributee of an estate has assigned his share, and the assignment has been recognized by the court, and is not disputed by the assignor, neither the administrator nor another distributee is interested or has a right to object to such share being paid to such assignee.

5.  Where no receiver has been appointed and the funds in the hands of an administrator have not been impounded in any way, the fact that there are suits, by strangers to the estate, pending against several of the distributees in which the plaintiffs seek to obtain liens on the interests of the defendants in the estate, and in which the administrator has been made a party, furnishes no reason why the court should refuse to order a distribution of the estate.

5.  Code of Civil Procedure, Sec. 2840, authorizing a suit by persons interested in an estate to determine their distributive shares therein, does not require such suit to be brought where all parties interested have agreed as to the share each is to receive, and a decree has been entered pursuant to such agreement.

6.  Where, in proceedings for the partial distribution of an estate, it appears that one of petitioning distributees, who applied by attorney, is incompetent, and has no guardian, an order directing distribution to him is erroneous.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

PROCEEDINGS on petition of Henry A. Root and others, for the partial distribution of the estate of Andrew J. Davis, deceased. From a decree directing such partial distribution, and from an order denying a new trial, John H. Leyson, administrator with the will annexed, and another, appeal. Modified and affirmed.

*Messrs. Forbis & Mattison,* and *Mr. E. N. Harwood,* for Appellants.

Whatever may have been the cause which led to the making of said order to divide up said estate contrary to the provisions of the will, in a proceeding to admit said will to probate, that part of said order is unauthorized by statutory provision and beyond the jurisdiction of said court in the exercise of its probate jurisdiction, and is null and void. (*Chadwick* v. *Chadwick,* 6 Mont. 566; *In re McFarland's Estate,* 10 Mont. 586; *In re Higgins' Estate,* 15 Mont. 474; *State ex rel. Bartlett* v. *District Court,* 18 Mont. 481; *State ex rel. Shields* v. *District Court,* 24 Mont. 1; *Burns* v. *Smith,* 21 Mont. 252; *State ex rel. Kelly* v. *District Court* (Mont.), 63 Pac. 717; Compiled Statutes, 1887, p. 282, Secs. 30-34; *U. S.* v. *Walker,* 109 U. S. 258; *State ex rel. Allen* v. *Napton,* 24 Mont. 450; *State* v. *Wear, Judge,* 33 L. R. A. 341; *In re Burton's Estate,* 93 Cal. 459; *In re Estate of Dunne,* 65 Cal. p. 380; *Estate of Letellier,* 74 Cal. 311; *Alcorn* v. *Buschke,* 133 Cal. 655; *Harrington* v. *LaRocque,* 10 Pac. 498; *Knowlton* v. *Johnson,* 46 Me. 489; *Wood* v. *Stone,* 39 N. H. 572; *Holcomb* v. *Sherwood,* 29 Conn. 419; *Smith* v. *Westville,* 88 Cal. 374; *Ex parte Lange,* 18 Wall. 163; *Windsor* v. *McVeigh,* 93 U. S. 274; *In re Phillips' Estate,* 18 Mont. 314.)

*Mr. Charles R. Leonard,* and *Messrs. Clayberg & Gunn,* for Respondents.

The district courts of Montana, sitting as courts of probate,

have no jurisdiction to consider or determine a claim asserted by a third person, a stranger to the estate, against the shares or interests in the estate claimed by any distributee, and such claim cannot be interjected into the proceedings in the estate. (*Dray* v. *Bloch,* 45 Pac. 772; *McLaughlin* v. *Barnes,* 41 Pac. 62; *Hancock* v. *Hubbard,* 19 Pick. 167; *Davis* v. *Newton,* 6 Met. 537; *Stevens* v. *Palmer,* 15 Gray, 505; *Stewart* v. *Lohr,* 22 Am. St. 150; *Snodgrass* v. *Andrews,* 64 Am. Dec. 169; *Matter of Estate of Nerac,* 35 Cal. 392.)

The duties of an administrator are to preserve the estate, pay the debts of the deceased, and distribute the remainder of the estate to the parties the court finds to be entitled to it. He is in no way or manner interested in claims by a third person against the distributees or in disputes between the distributees. (*Bates* v. *Ryberg,* 40 Cal. 463; *Goldtree* v. *Thompson,* 83 Cal. 420; *Roach* v. *Coffey,* 73 Cal. 281; *Estate of Marrey,* 65 Cal. 287; *In re Jessup's Estate,* 80 Cal. 625; *People* v. *Pfeiffer,* 59 Cal. 89.)

Proceedings in distribution are proceedings *in rem* and can only be attacked on appeal. (*The William Hill Co.* v. *Lawler,* 116 Cal. 359; *Crew* v. *Pratt,* 119 Cal. 139; *Goad* v. *Montgomery,* 119 Cal. 552; *Matter of Trust of Trescony,* 119 Cal. 568; *Jewell* v. *Pierce,* 120 Cal. 79; *Mulcahey* v. *Dow,* 131 Cal. 73; *Kearney* v. *Kearney,* 72 Cal. 591; *Cunha* v. *Hughes,* 122 Cal. 111.)

If an administrator obeys the order of distribution made by the court he is protected in such action against all the world. (*Cathaway* v. *Bowles,* 136 Mass. 54; *Loring* v. *Steineman,* 1 Met. 204; *White* v. *Weatherbee,* 126 Mass. 450; *Pierce* v. *Prescott,* 128 Mass. 140; *Partlow* v. *Moore,* 56 N. E. 317.)

The probate court has jurisdiction on the hearing of a petition for distribution to ascertain and determine, and it must ascertain and determine, who are the persons entitled to the distribution of shares in the estate, and for such purpose can consider only the rights of persons who claim through the estate. (*The William Hill Co.* v. *Lawler,* 116 Cal. 359; *In re Oxarart,* 78 Cal. 109; *In re Jessup's Estate,* 81 Cal. 408; *Estate of*

*Freud*, 134 Cal. 333; *Blackburn* v. *Webb*, 133 Cal. 420; *Estate of Sheid,* 129 Cal. 172.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This matter is before the court upon appeals by John H. Leyson, administrator with the will annexed of Andrew J. Davis, deceased, and by John E. Davis, administrator of John A. Davis, deceased, one of the legatees under the will, from an order of partial distribution and an order denying a new trial. A brief statement of the proceedings had in the district court up to the making of the order from which the appeal is taken accompanies the opinion delivered upon a motion to dismiss the appeals, made and determined during the December term of this court. (*In re Davis' Estate,* 27 Mont. 235, 70 Pac. 721.) The following additional statement will be necessary to a full understanding of the merits of the controversy:

The first contest over the probate of the will was instituted by Maria A. Cummings, Henry A. Root, Harriet R. Sheffield, and Henry A. Davis, the first being a sister, and the others nephews and nieces of the deceased. Pending the controversy John A. Davis, the proponent of the will, died, and John E. Davis, his son and one of the appellants, qualified as his administrator, and was substituted in the contest proceedings in his stead. In order to end the litigation a compromise was finally effected between the proponent and the contestants named. Under its terms the contest was to be withdrawn, the will was to be admitted to probate, and the contestants were to receive certain shares of the estate. On March 27, 1895, an order was made by the court in pursuance of this compromise, and in accordance with its terms the respective shares of the parties were therein ascertained and declared. Afterward other contests arose. These were finally settled by an agreement to which all the claimants, including the first contestants and the administrator of John A. Davis, deceased, were parties. This agreement was upon application of all parties approved by the

court, and on August 24, 1897, an order was entered which
ascertained from the various agreements the names of the per-
sons interested and their respective shares.    The respective
shares are set out in the opinion delivered on the motion to dis-
miss the appeals heretofore cited.    Since the order of August
24, 1895, up to the application for the order now under con-
sideration, the administrator has proceeded under the direction
of the court to administer the estate upon the basis of that order.
The petitioners are Henry A. Davis, Ellen S. Cornue, a nephew
and niece of the testator, Sarah Maria Cummings, a sister, and
Joseph A. Coram, assignee of Elizabeth Ladd and Marie Louise
Dunbar, nieces of the testator.    Subsequent to the filing of the
petition Harriet R. Sheffield and Henry A. Davis appeared by
counsel and joined in the prayer of the petition, as did also
Calvin P. Davis, a nephew, Elizabeth S. Bowdoin, a sister, and
Harriet Holton, a niece and the successor in interest of Harriet
Wood, a sister and one of the distributees named in the order
of August 24, 1897.    All of the petitioners, except Coram, were
parties to some one of the contests, and were found by the order
of August 24, 1897, to be entitled to share in the estate ; as were
also Elizabeth Ladd and Marie Louise Dunbar, nieces, whose
interests Coram claims.    During the course of administration
certain specific legacies provided for in the will and recognized
in the compromise settlements have been paid.    All debts due
from the estate have also been paid.    A large amount of money
and property has been distributed from time to time to the par-
ties named in the order of August 24, 1897, or to their assignees.
Among these assignees Coram has been recognized as entitled
by assignment to the shares of Elizabeth Ladd and Marie Louise
Dunbar, and has received a large amount of property and money
by virtue of his substitution in their stead.    To all of these
payments John E. Davis consented, receiving the proportion
thereof belonging to the estate of his father.    The petitioners
made their application under Section 2835 of the Code of Civil
Procedure, which declares that if it appears at the hearing that
the estate is but little indebted, and that the share of the party
applying may be allowed to him without loss to the creditors of

the estate, the court or judge must make an order requiring the
executor or administrator to deliver to the applicant the net
proceeds of his share, or such part thereof as is designated in
the order, upon his giving the bond required, unless the bond
be dispensed with.

1.    The main contention of the appellants is that the order
of August 24, 1897, is void so far as it undertakes to recognize
the right of any of the contestants to share in the estate, being
in excess of the jurisdiction of the court sitting in the exercise
of its probate powers, and that, being void, it furnished no
basis for the order from which the present appeal is prosecuted.
They say that the will itself being admitted to probate furnished
the only basis for the administration of the estate, and in un-
dertaking to recognize the contestants as entitled to interests
therein, and to ascertain and declare such interests, even though
this was done by the consent of the proponent, the court has
proceeded without warrant of law.    This argument proceeds
upon the theory that, though the district court is one of general
jurisdiction, yet, when exercising its probate jurisdiction, its
powers are limited by the statute from which they are derived,
and unless express authority can be found in the statute for the
particular order, or part of it which is called in question, it is
void, citing *State ex rel. Bartlett* v. *District Court,* 18 Mont.
481, 46 Pac. 259; *State ex rel. Shields* v. *District Court,* 24
Mont. 1, 60 Pac. 489; *Burns* v. *Smith,* 21 Mont. 252, 53 Pac.
742, 69 Am. St. Rep. 653; and *State ex rel. Kelly* v. *District
Court,* 25 Mont. 33, 63 Pac. 717.

Speaking generally, the soundness of this proposition is not
controverted.    The foregoing cases fully support it; but they
are not inconsistent with another proposition of equal weight
and importance: that, though the jurisdiction of the court
when exercising its probate powers is, in a sense, special and
limited, and depends upon the statute, yet, by implication, it
also possesses all the powers incidentally necessary to an effect-
ive exercise of the powers expressly conferred.    This must be
the case.    Otherwise the court would be unable to discharge its
very important functions.    Touching its powers in respect of

executors and administrators, the proper function of the court is the control of the devolution of property upon the death of its owner. All questions of law and fact which necessarily arise from the inception of the proceeding down to and including the distribution of the property must necessarily fall within the purview of this power of control. Hence, having the express power to entertain a contest of a will (Sections 2320-2382, Code of Civil Procedure), it has power incidentally to decide any question which properly arises upon such contest, and, necessarily, upon consent of all the parties interested, to enter a decree affirming and adopting a compromise of such a contest, and ascertaining the shares to which the parties are respectively entitled, as was done in the present case. This proposition seems too clear for argument. It would be intolerable if it were the law that a court could entertain a controversy and yet have no power, upon a settlement by compromise of all the parties interested, to ratify such settlement and thus end the controversy. By this statement we do not mean to imply that under our system the court, in the exercise of its powers in matters of probate, may consider and determine collateral questions. The validity of claims of creditors against the estate, when disputed by the executor or administrator, or disputed claims asserted by him against third persons, or claims of such third persons against creditors, heirs, legatees, devisees, or distributees, must, if an adjudication be necessary, be tried by the court sitting as a court of general jurisdiction, and in an action brought for that purpose, the power to determine such questions either not being conferred by statute, or, as in cases of disputed claims against the estate and the like, the power of adjudication being expressly otherwise provided for. (Section 2608, Code of Civil Procedure.) Therefore the validity of disputed assignments of a distributive share, or legacy, or devise, cannot be tried or determined by a court sitting in probate proceedings. This is a collateral question; but when there is no dispute, as where the party entitled gives his consent, there is no reason, upon principle, why the court may not recognize and give it effect. The order of August 24, 1897, was therefore clearly a

proper order to make. The court had jurisdiction of the subject-matter and of the parties, and its action in the premises is not open to question either by the administrator or by one of the parties at whose instance the order was made.

2.   The point is made that the court had no jurisdiction to make the order, because, under Section 2835, *supra*, it has no power to entertain the petition for partial distribution unless it be presented by an heir, devisee, or legatee, and that none of the petitioners fall within any of these classes. It is argued that the record shows that none of the petitioners, other than Coram, fall within the terms of the statute, since they are not named in the will, and that, being at most but assignees of the interest they respectively claim under the compromise agreement, they are strangers to the record. Coram, it is said, is confessedly an assignee of persons who are occupying the same position as the other petitioners, and as to him, in any event, the court had no power to entertain the petition. What has already been said disposes of this contention. The petitioners, other than Coram, are in effect distributees. The order of the court admitting the will to probate under the compromise agreements, amounted to a recognition of the will only so far as it preserved the provision therein touching the specific bequests, and permitted the estate of the proponent to receive a greater proportion of the testator's estate than it would have been entitled to had he died intestate. The order itself became the basis of administration and controlling as to the devolution of the property. In effect it became the will under the agreement of the parties, each one becoming entitled to just such a share of the estate as he would have been entitled to had he been mentioned as a legatee or devisee to the same extent. The assignment to Coram by Elizabeth Ladd and Marie Louise Dunbar was not disputed by either of them. It had theretofore been recognized by the court. Distribution had been made to Coram. He had, therefore been, in effect, substituted in the stead of his assignors, and had all the rights which such substitution implied. It did not lie in the mouth of the administrator to question the substitution. There were no creditors whose in-

terests he was bound to protect, and the order directing payment would be his warrant therefor. Nor could the administrator of John A. Davis question it. It was no concern of either of them so long as the assignors did not complain.

3. The answers of the appellants to the petition admitted the material allegations contained in it, but set up, among other things, the pendency of certain suits in the district court of Silver Bow county and in the circuit court of the United States for the Ninth circuit to which the administrator, Leyson, had been made a party, as reasons why the petition should be denied. During the progress of the hearing Leyson, the administrator, asked leave to file a supplemental answer setting up these matters more fully, and pleading other grounds of objection of the same character. This application was denied. Thereupon evidence was offered by him and admitted without objection showing the pendency of some of these actions and the existence of the other facts alleged, but upon objection excluded as to others. So far as we are able to determine from the record before us none of these matters were material. One of the actions pending in the district court of Silver Bow county, entitled *Eva A. Ingersoll, Administratrix, etc.,* against *Henry A. Root et al.,* was brought for the purpose of recovering a balance of a claim of $95,000, alleged to be due the estate of Robert J. Ingersoll, deceased, for services rendered as an attorney to the defendants named therein in defeating the probate of the will, and to have the judgment recovered declared a lien upon the shares, among others, of Root, Coram, Ladd, Cornue, Dunbar, and Cummings. In the prayer of the complaint the plaintiff asked for the appointment of a receiver to take charge of the distributive shares of these petitioners and to hold them for the purpose of applying them to the payment of the judgment recovered in the action. The administrator is made a party defendant; but there is nothing in the record tending to show that any receiver has been appointed, or that the shares thus sought to be reached are impounded in any way in the hands of the administrator. Upon this showing the administrator may safely pay the shares due the petitioners, for it is no concern of his what are the merits

of that action. The court could not, upon this proceeding, pass upon the validity of the claims alleged by the plaintiff or the right of the Ingersoll estate to a lien upon them in the administrator's hands. The record does not show the nature of the other suit pending in that court, further than it was not brought by a creditor to recover a claim against the estate. It therefore furnished no reason why the court should not make the order prayed for.

The action pending in the United States circuit court was brought by one Erwin Davis against John E. Davis, administrator of John A. Davis, and distributees of the estate of Andrew J. Davis, other than petitioners, to determine conflicting claims to the distributive shares of the defendants named therein under certain contracts made by John A. Davis in his lifetime. Erwin Davis is a stranger to the estate of Andrew J. Davis. Whatever may be the merits of this controversy, they do not affect the interests of the petitioners, because petitioners are not parties to that suit and the existence of the controversy was a fact wholly immaterial to be considered in this proceeding.

4. It is argued that the court had no authority to make the order because it does not appear that any suit has ever been brought under the provisions of Section 2840 *et seq.* of the Code of Civil Procedure to determine the rights of the petitioners to distributive shares in the estate. The position assumed by the appellants is that this section of the statute is exclusive, and that no distribution can be had until such suit has been tried and determined. This position is untenable. Section 2840 does not require that such a suit should be brought as a condition precedent to an order of distribution. If the rights of the petitioners have otherwise been ascertained, as was done in this case by the compromise agreements and the order of August 24, 1897, made in pursuance thereof, there is no necessity for such suit. After the estate has been in process of settlement now for some thirteen years, and all the petitioners have been recognized as distributees since the date of the order referred to, the objection that their rights have not been deter-

mined by a proceeding instituted for that purpose is, to say the least, somewhat capricious.

5. Though the administrator did not make the formal objection that Calvin P. Davis was an insane person, and therefore could not petition for his distributive share, the hearing was conducted as if this issue was presented, and evidence sufficient to make out a *prima facie* case of incompetency was introduced in the form of a certified judgment of the superior court of Sonoma county, Cal., the place of petitioner's residence. His application was made by attorney. The order, in so far as it directed distribution to him, is erroneous. He should have appeared by guardian. As he did not, there was no competent person asking for a distribution in his behalf. The order must therefore be modified in this respect.

Many other points are presented in the briefs of counsel, but none of them are of sufficient merit to demand notice.

The district court is directed to modify the order by omitting therefrom any direction as to the share of Calvin P. Davis, and when so modified it will stand affirmed. The order refusing a new trial is also affirmed. The appellants will pay the costs of appeal.

*Modified and affirmed.*