## IN RE DAVIS' ESTATE.

(No. 2,369.)

(Submitted February 13, 1907.   Decided February 25, 1907.)

(88 Pac. 957.)

*Probate   Proceedings—Administrator—Annual   Accounts—Settlement—Notice—Waiver—Costs—Attorneys' Fees—Interest.*

Probate   Proceedings—Administrators—Accounts—Settlement—Notice—Appeal.
    1.   The record on appeal from an order allowing an administrator's annual account did not show any proof of notice of the hearing. The order of settlement, however, found that the clerk of the court had given notice in the manner and for the time theretofore ordered. ·*Held,* that the finding of the court that notice had been given was sufficient to meet the requirements of section 2796 of the Code of Civil Procedure, which provides that on a hearing in probate proceedings proof of notice must be made, and that the order showing such proof is conclusive evidence of the fact,—and further, that such finding is conclusive upon the parties on appeal.

Same—Notice—Jurisdiction.
    2.   *Obiter:* The giving of notice of a hearing upon an administrator's annual account is indispensable to give the court jurisdiction of the persons interested in the estate.

Same—Notice—Waiver.
    3.   Since the notice, required to be given by section 2791 of the Code of Civil Procedure, to those interested in a settlement of an administrator's account, serves the purpose of a summons in an ordinary action, and since service of summons may be waived by general appearance, the giving of notice in such probate proceedings is likewise waived by the appearance of the parties and their participation in it.

Same—Administrators—Appeal—Costs—Allowance.
    4.   Where, on an appeal from an order allowing an administrator's annual account, it appeared that he, jointly with another, had prosecuted a number of appeals to the supreme court, all but one of which

were decided adversely to him, but that in all of them there was suffi-
cient doubt as to his duty in the premises to justify his desire for
a final decision by the appellate court, it will not be held, in the ab-
sence of proof making his dereliction apparent, that he acted in bad
faith in taking the appeals, but the court in allowing him credit for
such reasonable and necessary costs as were actually incurred by him
in taking the appeals will be sustained.

Same—Administrators—Joint Appeal—Distribution of Costs.
  5.  Where the administrators of two estates jointly prosecuted ap-
peals to the supreme court on one transcript and one brief, it was
error to allow, on a settlement of the annual account of one of them,
as a charge against the estate represented by him, the entire expense
incurred in the preparation of the transcript and brief. One-half
thereof should have been disallowed.

Same—Administrators—Allowance of Attorneys' Fees—When Improper.
  6.  The allowance of an attorney's fee for services alleged to have
been rendered to an administrator in the management of his trust
was improper, where other counsel had been regularly retained by him
to look after the interests of the estate at an annual compensation of
$5,000, and where nothing appeared why additional counsel became
necessary.

Same—Administrators—Attorneys' Fees—Burden of Proof.
  7.  The burden of showing that the employment of special counsel
to advise him in the management of the estate represented by him,
in addition to those attorneys regularly retained for that purpose
at a fixed annual compensation, had been rendered necessary by the
exigencies of the estate, rests upon the administrator, and, if he fails
to sustain such burden, any charge in this behalf should be disallowed.

Same—Administrators—When not Chargeable with Interest.
  8.  Where, on appeal from an order settling and allowing an adminis-
trator's annual account, the record did not show that the adminis-
trator did or could have invested the sum of $100,000,—ordered dis-
tributed but from which order he appealed,—during the time inter-
vening between the taking of his appeal and its determination, or
that he failed to prosecute the appeal with diligence, he is not per-
sonally chargeable with interest thereon.

*Appeal from District Court, Silver Bow County; Michael
Donlan, Judge.*

Proceedings on objections and exceptions by Henry A. Root
and others to the annual account of John H. Leyson, adminis-
trator with the will annexed of Andrew J. Davis, deceased.
From an order settling and allowing such final account, the ob-
jectors appeal.    Modified and affirmed.

*Mr. M. S. Gunn,* and *Messrs. Clayberg & Sanner,* for Appel-
lants.

Where objections are filed to the account of an administrator,
the burden of proof is upon the administrator to show that the

items objected to were a necessary expense to preserve and care for the estate, and were for the benefit of the estate and not for the personal benefit of the administrator, or the benefit of some of the persons interested in the estate. It must, also, be shown that the administrator acted with prudence in incurring the expense, and that such expense is reasonable. (*Powell* v. *Foster's Estate*, 71 Vt. 160, 44 Atl. 96; *Sutton* v. *Sutton* (Tenn.), 58 S. W. 891; *Brandon* v. *Hoggatt*, 32 Miss. 335; *Pearson* v. *Darrington*, 32 Ala. 227; *Harwood* v. *Pearson*, 60 Ala. 410; *Munden* v. *Bailey*, 70 Ala. 63; *St. John* v. *McKee*, 2 Dem. 236; *Yingling* v. *Hesson*, 16 Md. 112; *Wysong* v. *Nealis*, 13 Ind. App. 165, 41 N. E. 388; *Brewster* v. *Demarest*, 48 N. J. Eq. 559, 23 Atl. 271.)

The distribution of estates under our statutes are proceedings *in rem*, and the validity thereof can only be attacked on appeal. (*William Hill Co.* v. *Lawler*, 116 Cal. 359, 48 Pac. 323; *Crew* v. *Pratt*, 119 Cal. 139, 51 Pac. 38; *Goad* v. *Montgomery*, 119 Cal. 552, 63 Am. St. Rep. 145, 51 Pac. 681; *Matter of Trescony*, 119 Cal. 568, 51 Pac. 951; *Jewell* v. *Pierce*, 120 Cal. 79, 52 Pac. 132; *Mulcahey* v. *Dow*, 131 Cal. 73, 63 Pac. 158; *Kearney* v. *Kearney*, 72 Cal. 591, 15 Pac. 769; *Cunha* v. *Hughes*, 122 Cal. 111, 68 Am. St. Rep. 27, 54 Pac. 535.) If an administrator obeys the order of distribution made by the court, he is protected in such action against all the world. (*Cathaway* v. *Bowles*, 136 Mass. 54; *Loring* v. *Steinemen*, 1 Met. 204; *White* v. *Weatherbee*, 126 Mass. 450; *Pierce* v. *Prescott*, 128 Mass. 140; *Partlow* v. *Moore*, 184 Ill. 119, 56 N. E. 317.)

Attorneys' fees cannot be claimed against an estate, unless the litigation in which the fees are charged is for the benefit and protection of the estate. (*Brandon* v. *Hoggatt*, 32 Miss. 335; *Royers' Appeal*, 13 Pa. 569; *Prior* v. *Davis*, 109 Ala. 117, 19 South. 440; *Munden* v. *Bailey*, 70 Ala. 63.) The estate, as an estate, must be interested in the litigation, and the mere fact that the administrator is a party to such suit is not sufficient to charge the estate, unless the acts of the administrator in reference to the estate are in question in such litigation.

A judgment *in rem* is not such a judgment as can be renewed, either by motion or by original suit. (*Seligman* v. *Kalkman*, 17 Cal. 152; *Henrie* v. *Sweasey*, 5 Blackf. (Ind.) 335; *Roose* v. *McDonald*, 23 Ind. 157; *Miller* v. *Dungan*, 36 N. J. L. 31; *Eastman* v. *Dearborn*, 63 N. H. 364; *Whiting* v. *Johnson*, 5 Dana, 390.)

The order directing the distribution of $100,000 was a final judgment for the payment of money, and therefore, under the statutes of this state, drew interest at the rate of eight per cent per annum from the date of its entry until paid. (*State* v. *Babb*, 77 Mo. App. 277; *Hull* v. *Butler*, 7 Ind. 267; *Wheeler* v. *Dawson*, 63 Ill. 54; *In re Noble's Estate*, 24 Pitts. Leg. R. 441; *In re Heydricks' Estate*, 1 Mont. Co. L. R. 106; *Withers' Appeal*, 16 Pa. 151; *Bruner's Appeal*, 57 Pa. 46; *Wilson's Appeal* (Pa.), 11 Atl. 678; *Succession to Mann*, 4 La. Ann. 28.)

*Mr. Chas. Mattison, Mr. M. J. Cavanaugh*, and *Mr. J. A. Poore*, for Respondent.

If the probate of a will is contested, or any proceeding instituted to vacate or set it aside, the executor is entitled to credit for expenses incurred in the contest, including attorneys' fees. (*In re Whetton's Estate*, 98 Cal. 203, 32 Pac. 970; 11 Am. & Eng. Ency. of Law, 2d ed., p. 1237; *Henderson* v. *Simmons*, 33 Ala. 291, 70 Am. Dec. 590; *Abila* v. *Burnett*, 33 Cal. 658; *Meeker* v. *Meeker*, 74 Iowa, 352, 7 Am. St. Rep. 489.) Where, on a contest of a will, the executor employed two counsel to defend such contest, an allowance to each of such counsel was sustained. (*In re Ogden's Estate*, 41 Misc. Rep. 158, 83 N. Y. Supp. 977.) This suit was practically a suit against the succession, and in such a case the administrator has authority to employ an attorney to defend him. (*Succession of Moise*, 107 La. 717, 31 South. 990.) An administrator is always allowed his attorney's fees in defense of his right to administer. (*Ex parte Young*, 8 Gill, 285; *Firebaugh* v. *Burbank*, 121 Cal. 186, 53 Pac. 560.)

When an executor unjustly, and for his own advantage, resists the payment of a legacy, he is liable for the costs (*Appeal*

*of Witman,* 28 Pa. 376); but where he acts in good faith, and in order to protect the interests of the estate, costs should be allowed him. (*McKay* v. *Riley,* 135 Ill. 586-589, 26 N. E. 525; 11 Am. & Eng. Ency. of Law, 1243; *Holman* v. *Sims,* 39 Ala. 709; *Polhemus* v. *Middleton,* 37 N. J. Eq. 240; *McKay* v. *Riley,* 135 Ill. 586, 26 N. E. 525; *Henderson* v. *Simmons,* 33 Ala. 291, 70 Am. Dec. 590; *Compton* v. *Barnes,* 4 Gill (Md.), 55, 45 Am. Dec. 115; *Holman* v. *Sims,* 39 Ala. 709; *Polhemus* v. *Middleton,* 37 N. J. Eq. 240; *Bratney* v. *Curry,* 33 Ind. 399; *Moore* v. *Randolph,* 70 Ala. 575; *Turner* v. *Tapscoot,* 30 Ark. 312; *In re Simons,* 55 Conn. 239, 11 Atl. 36.) Nor will his right to have the expense charged to the estate be lost because he sought the protection of the court for himself. (*Smyley* v. *Reese,* 53 Ala. 89, 25 Am. Rep. 598; *Clark* v. *Knox,* 70 Ala. 607, 45 Am. Rep. 93; *Hurlbut* v. *Hutton,* 44 N. J. Eq. 302, 15 Atl. 417.)

Credit will be allowed for all costs incurred on the judicial settlement of the administrator's accounts, or in litigation reasonably undertaken by him on behalf of the estate, or in defending suits and proceedings brought against him, if they were not occasioned by his fault or negligence. (*Matter of Miner,* 46 Cal. 564; *Matter of Holbert,* 48 Cal. 627; *Greenwood* v. *McGilvray,* 120 Mass. 516; *Wooldridge* v. *Draper,* 15 Mo. 470; *Ammon's Appeal,* 31 Pa. 311.)

In allowing costs and fees of litigation, each case must stand to a great extent upon its own merits. (*O'Neill* v. *Donnell,* 9 Ala. 734.) Expenses (including both counsel fees and costs) incurred by the administrator, in resisting claims, honestly believed upon reasonable grounds to be unjust, should be allowed, although the suit be lost. (*Pearson* v. *Darrington,* 32 Ala. 228; *Crofton* v. *Ilsley,* 6 Greenl. 48.) The determination as to what amount is reasonable is in the discretion of the court to which the account is presented for settlement, and with the exercise of this discretion the appellate court will not ordinarily interfere. (*In re Dorland,* 63 Cal. 281; *Smith* v. *Worthington,* 53 Fed. 977, 4 C. C. A. 130; *Matter of Kasson,* 119 Cal. 489, 51

Pac. 706; *Matter of Hutchinson*, 84 Hun (N. Y.), 563, 32 N. Y. Supp. 869; *St. Clair's Appeal* (Pa.), 15 Atl. 914; 11 Am. & Eng. Ency. of Law, 1252.)

"In cases where the administrator has not actually received interest or used the funds of the estate for his own purposes, but has permitted them to lie idle when they might have been productively employed for the benefit of the estate, it is a matter of discretion with the court, on consideration of all the circumstances of the case, whether interest shall be charged. And this discretion will be exercised in favor of the administrator where it appears that he was acting in good faith in the endeavor fairly to perform the duties of his office." (*Wheeler* v. *Bolton*, 92 Cal. 159, 28 Pac. 558; *Matter of Clary*, 112 Cal. 292, 44 Pac. 569; *Matter of Gloyd*, 93 Iowa, 303, 61 N. W. 975; *Estate of Danforth*, 66 Mo. App. 586; *Pulliam* v. *Pulliam*, 10 Fed. 53. See, also, *Chase* v. *Lockerman*, 11 Gill & J. 185, 35 Am. Dec. 277; *King* v. *Berry*, 3 N. J. Eq. 261.)

*Mr. John J. McHatton*, for Respondent.

Where devisees under a will notified the executor that they would employ their own counsel in a pending contest of the will, it was, nevertheless, the duty of the executor to employ counsel to procure the probate of the will, and he was entitled to an allowance for their fees. (*Reed* v. *Reed*, 24 Ky. Law Rep. 2438, 74 S. W. 207.) An administrator has the authority to employ an attorney to defend a suit against the succession. (*Succession of Moise*, 107 La. 717, 31 South. 990.) The reasonable fees of attorneys employed by an executor to defend the validity of a will in a proceeding to contest it are a proper charge against the estate. (*Shaw* v. *Camp*, 56 Ill. App. 23; *Pingree* v. *Jones*, 80 Ill. 117.) It is held that where the executor believes the will under which he is acting to be genuine, it is his duty to support it, and he is entitled to have allowed to him counsel fees necessarily expended by him in doing so. (*Tilghman* v. *France*, 99 Md. 611, 59 Atl. 277; *Compton* v. *Barnes*, 4 Gill (Md.), 55, 45 Am. Dec. 115; *Glass* v. *Ramsay*, 9 Gill, 456.)

An administrator is allowed his attorneys' fees in defense of his right to administer. (*Ex parte Young,* 8 Gill, 285; *Firebaugh* v. *Burbank,* 121 Cal. 186, 53 Pac. 560; *Geddis' Appeal,* 9 Watts (Pa.), 284.)

Where litigation becomes necessary during the administration of an estate, the personal representative is entitled to reasonable attorneys' fees necessarily expended in conducting it. (*Williamson* v. *Mason,* 23 Ala. 488; *Noel* v. *Harvey,* 29 Miss. 72.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Appeal from an order settling and allowing an annual account. On or about July 24, 1903, John H. Leyson, administrator with the will annexed of Andrew J. Davis, deceased, filed in the district court of Silver Bow county his eighth annual account of his administration and asked to have it settled. To this account Henry A. Root, in his own right, and as administrator of the estate of Sarah Mariah Cummings, deceased, Ellen S. Cornue, Joseph A. Coram, Harriet R. Sheffield, and Henry A. Davis, all being parties in interest and entitled to participate in the distribution of the estate, interposed certain objections and exceptions. Later the account was amended in certain particulars, but not so as to meet the objections made.

On July 11, 1905, a hearing was had; whereupon the controversy was submitted on the evidence adduced and written briefs by the respective counsel. On April 7, 1906, all the objections and exceptions were by the court overruled and disallowed, and an order entered settling and allowing the account. Thereupon the objecting parties jointly and severally appealed to this court. A sufficient statement of facts to make clear this controversy will be found by reference to *In re Davis' Estate,* 27 Mont. 235, 70 Pac. 721; Id., 27 Mont. 490, 71 Pac. 757.

The items of the account to which objection was made are the following: $556.25, which the administrator claims as the expense of preparing and printing transcript and brief on his appeals to this court from an order directing partial distribu-

tion, made on December 3, 1901, and an order denying a new trial (*In re Davis' Estate*, 27 Mont. 490, 71 Pac. 757) ; $1,250, counsel fees paid to E. N. Harwood for prosecuting the appeals; and $7,126.68, counsel fees allowed McHatton & Cotter, attorneys, for legal services alleged to have been necessary to protect the interests of the estate in certain causes in the district court of Silver Bow county and in the United States circuit court of Montana; and costs paid by these attorneys during the litigation. It is also contended that the court erred in not requiring the administrator to pay interest on the sum of $100,-000, directed to be distributed to appellants under the order of December, 1901, from that date until the date of payment on April 9, 1903.

1. No question was made in the district court but that proper notice of the hearing upon the account had been given. It is argued in this court for the first time in the proceeding that, since the record contains no proof of notice, the district court was without jurisdiction to make the order. By this contention we presume counsel mean that the giving of the notice required by section 2791 of the Code of Civil Procedure is necessary to give the court jurisdiction of the persons of those who are interested in the estate. In this view we think counsel correct. The giving of the notice is an indispensable requirement, and must be observed, or the order of allowance will not be binding. It is required by section 2796 that on the hearing proof of notice must be made, and the order must show that fact. This latter section also provides that the finding in the order shall be conclusive evidence of the fact. The record before us contains no proof of notice; but the order of settlement finds ''that the clerk had given notice of the settlement of said account in the manner and for the time heretofore ordered by the court.'' This meets the requirements of section 2796, *supra*, and is conclusive upon the parties on this appeal.

Furthermore, the notice required in probate proceedings serves the purpose of a summons in ordinary actions. Service of summons is waived by a general appearance. By analogy, the

giving of the notice in probate proceedings may be rendered un-
necessary by the appearance of the parties and their participa-
tion in the proceedings. In such case the purpose of the notice
has been served, and one who has appeared and taken part in
the hearing will not be heard to say that the court had no juris-
diction to determine his rights. At the hearing in this matter
all the appellants had filed written objections to the account
and they were represented at the hearing by counsel. They
may not now complain that they were not properly before the
court.

2. As to the items of costs, to which objection is made, it is
said that they were incurred on former appeals, which were
not taken in good faith or in the interests of the estate or of the
appellants, and should not be allowed for this reason. The ap-
peals were prosecuted jointly by John H. Leyson, the adminis-
trator, and by John E. Davis, the administrator of the estate of
John A. Davis. The questions presented thereby and decided
will be understood by reference to the opinion in *Re Davis' Es-
tate*, 27 Mont. 490, 71 Pac. 757. One of them was, whether the
order of August 27, 1897, by which the will was admitted to
probate under the compromise agreement of the parties, of whom
John E. Davis, administrator of John A. Davis, was one, and
under which John H. Leyson received his appointment, was
void. Another was whether the court could order a distribution
to an assignee of a distributee. A third was whether the ad-
ministrator could safely pay the distributive shares while still
impleaded in two pending suits, the purpose of one of which
(*Ingersoll* v. *Root et al.*) was to impound the distributive shares
of certain of the petitioners, and of the other (*Erwin Davis* v.
*John E. Davis, Administrator, et al.*) to have overturned and
declared nugatory the order of August 27, 1897, under and by
virtue of the terms of an alleged contract between Erwin Davis
and John A. Davis, entered into before the order was made. A
fourth was whether the distribution could be made prior to the
determination of the rights of the petitioners by action under
section 2840 of the Code of Civil Procedure. And, lastly, it

was argued that the order appealed from was erroneous in directing payment to Calvin P. Davis, an insane person, who had joined in the petition by his attorney instead of appearing by his guardian.

Calling attention to the fact that all of these contentions, except the last one, were decided against the appellants, and further to the fact that, if the first of them had been sustained, the authority of Leyson as administrator would have been annulled, and the rights of the petitioners to share in the estate would have been imperiled, if not entirely destroyed, the appellants here argue that it is apparent that the appeals were prosecuted in bad faith, and Leyson should not be allowed any of his costs expended therein. Furthermore, they say that this court in that case adjudicated the matter of his bad faith by taxing the costs of the appeal to the appellants.

Under the statute (Code Civ. Proc., sec. 1859), it is the duty of the court to charge an administrator or executor personally with the costs of an action or defense, if he appears to have been guilty of mismanagement or bad faith with reference thereto. But this will not be done in any case unless his dereliction is apparent. From an examination of the facts presented in the proof, and the questions raised and decided on the appeals, we are of the opinion that there was enough doubt as to the duty of Leyson in the matter to justify his desire for a final decision by this court of the other questions involved, conceding, as this court decided, that he had no right to question the validity of the order under which he received his appointment.

Furthermore, the order of this court taxing the costs of the appeal did not in terms require him to pay them personally. It merely says: "The appellants will pay the costs of the appeal." Such being the case, we do not think the court was wrong in allowing him credit for such reasonable and necessary costs as were actually incurred.

But the court was wrong in allowing him credit for all these costs. John E. Davis also appealed. The appeals for the two were presented by one transcript and one brief. The charges

are for the preparation of the transcript and this brief. Manifestly, then, John E. Davis, or the estate represented by him, should have borne at least one-half of the expenses necessarily incurred. One-half of $556.25 should have been disallowed; for it is clearly improper that the estate of Andrew J. Davis should be charged with any of the expenses necessarily incurred by the estate of John A. Davis.

3. We think the attorney's fee of $1,250, paid to Mr. Harwood by the administrator, should also have been disallowed, not because it is unreasonable in amount, or because Mr. Harwood did not earn it by the amount of work he did. It appears from the proof that the administrator had regularly employed other counsel, Messrs. Forbis & Mattison, who had been retained by him and paid out of the assets of the estate since the will was admitted to probate, at the rate of $5,000 per year. No reason appears why such counsel could not as well have conducted the appeals for Leyson, since they had already been paid for it, and allow Mr. Harwood to look to the estate of John A. Davis, which he also represented, for the special work done by him in the case. He was regularly retained by John E. Davis, the administrator of that estate, and the record shows that no special charge was made against that estate for any services rendered by him in the matter. But, be this as it may, while an administrator is allowed counsel, not only to advise him in the management of the affairs of his trust, but also for conducting such litigation as may necessarily arise from time to time, the assets of the estate are not his to be expended as he chooses or to further his own ends. He must be guided by prudence and the requirements of the estate. It is within the discretion of the court to reimburse him for necessary expenses in this behalf. But the burden is upon him to show that they have been rendered necessary by the requirements of the estate; and, if he fails to sustain this burden, the court should disallow any such charges. (Woerner's American Law of Administration, secs. 515, 516.) We think the proof fails to present a case justifying the allowance of this charge.

4. The same may be said of the fees allowed to Messrs. Mc-Hatton & Cotter. These gentlemen represented the administrator in four cases in all. Two of these had been brought in the United States circuit court of Montana by certain distributees under the order of August 27, 1897, for the purpose of having declared fraudulent and void a judgment of the district court of Silver Bow county declaring Andrew J. Davis, a nephew of Andrew J. Davis, deceased, the owner by gift by his uncle, *mortis causa,* of certain bank stock owned by the uncle in his lifetime, and to have the stock included among the assets of the estate to be administered. The particulars of this litigation may be gathered by consulting the opinion of this court in the case of *Estate of Davis,* 17 Mont. 220, 42 Pac. 775, 31 L. R. A. 429, and the opinions of the United States circuit court of appeals, wherein the attack on the judgment awarding the stock to Andrew J. Davis, Jr., was finally held to be without merit. (*Wood* v. *Davis* (C. C.), 108 Fed. 130; *Holton* v. *Davis,* 108 Fed. 138, 47 C. C. A. 246.) To these actions Leyson was made a party defendant, so that he might stand ready and be required to assume possession of the stock when the court should have determined that the judgment of the Montana court was invalid. The fraudulent acts by which the judgment was alleged to have been secured were attributed to Andrew J. Davis, Jr., and James A. Talbott, who had acted as special administrator of the Davis estate up to August 27, 1897, when Leyson was appointed administrator. Leyson was not charged with any participation in the fraud, but it was only alleged against him, in substance, that since he was friendly to Andrew J. Davis, Jr., and under financial obligation to him, he was willing to have the judgment stand. The real controversy was whether the judgment had been obtained by a fraudulent conspiracy between Talbott and Davis. In the words of Leyson himself, used at the hearing upon the account, he was in the case merely as a "stakeholder." As to the real merits of the controversy, he was not a party in interest, and only his formal appearance in the case was ever required.

The third of these causes was the action brought in the United States circuit court of Montana by Erwin Davis against John E. Davis, as administrator of John A. Davis, referred to above. Leyson was made a party to that suit also; and, among other defenses pleaded as a counterclaim, a judgment for a large amount which had been recovered in favor of the estate against Erwin Davis. This judgment had originally been secured upon promissory notes owed by Erwin Davis to the estate. So far as this record shows, this suit is still pending and undetermined. At the time it was brought, the judgment referred to was about to be barred by the statute of limitations, and Mr. Cotter was employed to renew it. Originally he was retained in the federal court cases individually, and was paid a retainer of $3,000. Subsequently, when he became associated with Mr. McHatton, the cases were managed by the firm. By independent contract, Wm. Scallon, Esq., was also retained in these cases and was paid a fee of $3,000. The amount of the fees claimed are in addition to the retainers of $3,000 paid to Mr. Cotter and to Mr. Scallon, and are made up as follows: For renewal of the judgment, $1,500; for services to date in the case of *Erwin Davis* v. *John E. Davis, administrator, et al.,* $2,500; and for services in the cases of *Wood* v. *Davis,* and *Holton* v. *Davis,* $6,000—the sum total being $10,000, or, including the retainer, $13,000. Upon suggestion of the administrator that this charge was too high, a reduction of $3,000 was made. The balance of $7,000 the court found was reasonable and allowed it. No reason appears in the record before us, however, why the administrator should have employed any other attorneys and have paid them these liberal fees, while he was already under contract to pay Messrs. Forbis & Mattison for the same work and had theretofore been allowed the amounts contracted to be paid to them. If the exigency presented was such as to require additional counsel, it does not appear; and we think that the court was wrong in allowing anything further in this behalf. We do not wish to be understood, however, as expressing any opinion as to the character of the services rendered, or as to the rea-

sonableness of the charge made. We merely hold that the estate is not chargeable, under the facts disclosed by the record.

The moneys advanced to pay costs and expenses connected with the litigation, amounting to $126.68, are a proper charge against the estate, and the administrator was properly allowed and directed to pay them. These he would have been compelled to pay in any event.

5. Finally, it is argued that the administrator should have been charged with interest on the amount of money ordered distributed pending the delay incident to a determination of his appeals to this court after the order of distribution was made. Under our statute, there is no requirement that the administrator must keep the funds in his hands profitably invested. The only provision, is section 2798 of the Code of Civil Procedure, where it is provided that the court may order any moneys in the hands of an administrator or executor, upon his own petition or that of an heir or distributee, to be loaned on certain classes of securities. He is not permitted to profit by his trust, however. All accumulations belong to the estate, and he must account for them. If he is chargeable with interest at all, it must be because he has received interest, or because he has been guilty of culpable negligence in the discharge of his duties, so that it is apparent that the distributees have suffered prejudice. Whether or not any of these conditions exist is a question of fact to be determined by the court. An executor or administrator will not, in the discretion of the court, be held unless he is shown to be culpable. On this subject the supreme judicial court of Massachusetts says: ''The general rule is that an executor or administrator (except where he is charged with a special trust, to invest money on interest) is not chargeable with interest unless he has actually received interest, or else where from culpable delay in settling his accounts, it may be fairly inferred, that he has made a profit of the funds in his hands.'' (*Lamb* v. *Lamb,* 11 Pick. 370. See, also, *In re Estate of Danforth,* 66 Mo. App. 586; *In re Estate of Gloyd,* 93 Iowa, 303, 61 N. W. 975; *Wheeler* v. *Bolton,* 92 Cal. 159, 28 Pac. 558; 11 Am. & Eng. Ency. of Law, p. 1214.)

The facts in this record do not present a case upon which the administrator should be held to be accountable. Under the statute he had a right to have the order of distribution reviewed (*In re Davis' Estate*, 27 Mont. 235, 70 Pac. 721), and, as we have already said, one of the contentions made in this court was sustained, and the rest, except one, were not so devoid of merit as that it may be said that they were frivolous. It does not appear that he made in the meantime any profit out of the fund in any way; on the contrary, it appears without dispute that he did not. Furthermore, it does not appear that he could have invested the fund profitably in the meantime. The record is silent on this point, as it is also upon the question whether he prosecuted the appeals with diligence. Whether any application was ever made to the court to direct the loaning of the funds by anyone, does not appear.

Counsel say, however, that the order of distribution is a final judgment, and that the administrator should be charged with the legal rate of simple interest upon the share of each distributee under the order. It would seem to us to be a strange condition if the law grants the right of appeal to an administrator, in order that he may have finally determined questions involving the proper discharge of his duties, and, as a penalty for taking the appeal, in case he is unsuccessful, charge him personally with interest upon the amounts of money involved, because of the delay occasioned by the appeal. If there had been no appeal, and the administrator had failed or refused to pay the distributive shares, and this were a proceeding to compel payment, he would undoubtedly be chargeable with interest; but, under the circumstances presented here, we do not think it equitable that he should be charged with interest upon the fund ordered distributed.

The district court is directed to correct the account by striking out and disallowing the items referred to, and, when this is done, the order settling and allowing it will be affirmed.

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.

Rehearing denied April 8, 1907.